The Honorable Sandra Prater State Representative 9209 Sayles Road Jacksonville, AR 72076-8899
Dear Representative Prater:
I am writing in response to your request for an opinion on the following questions concerning the Arkansas Freedom of Information Act ("FOIA," A.C.A. § 25-19-101 et seq.):
 1. When internal investigations that are completed result in suspension or termination, are they to be treated as personnel files or investigated files?
 2. If someone files a FOIA Request, should the file be released without getting permission of the affected employee?
You state that you have been contacted by the Pulaski County Sheriff's Department in regard to these questions.
RESPONSE
I assume that these questions are asked with regard to records of an employer's internal investigation of an employee's performance or lack of performance on the job. With this assumption in mind, it is my opinion in response to your first question that regardless of the outcome of the internal investigation, the records are generally not "personnel" records, but instead fall under the separate category of "employee evaluation or job performance records" under the FOIA (A.C.A. §25-19-105(c)(1) (Supp. 2003).[1]
The FOIA provides as follows regarding the release of "employee evaluation or job performance records":
 Notwithstanding subdivision (b)(12), [pertaining to personnel records] all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in disclosure.
A.C.A. § 25-19-105(c)(1) (Supp. 2003).[2]
Each of the above criteria must be met prior to the release of employee evaluation or job performance records. These records are also referred to in § 25-19-105(c) as "evaluation records." Id. at (c)(2) and (3).
With regard to your second question, the FOIA imposes a notificationrequirement on the records' custodian in the event a FOIA request is made for employee evaluation or job performance records. It does not, however, require the employee's permission for release of the records. The notice requirement is set forth under A.C.A. § 25-19-105(c)(3) (Supp. 2003) as follows:
 (3)(A) Upon receiving a request for the examination or copying of personnel or evaluation records, the custodian of the records shall determine within twenty-four (24) hours of the receipt of the request whether the records are exempt from disclosure and make efforts to the fullest extent possible to notify the person making the request and the subject of the records of that decision.
 (B)(i) If the subject of the records cannot be contacted in person or by telephone within the twenty-four-hour period, the custodian shall send written notice via overnight mail to the subject of the records at his or her last known address.
As you can see, there is no requirement that the custodian must obtain the permission of the affected employee before releasing evaluation records. Rather, the custodian must "make efforts to the fullest extent possible to notify [the employee] . . ." of the decision that has been made regarding the records' release. In this regard, I agree with the conclusion of one of my predecessors that "[t]he FOIA does not require actual notice of the request to the subject of the requested records. Rather, it requires that the custodian of the records make various attempts to notify the subject." Op. Att'y Gen. 97-008. As further stated in that opinion:
 The only limitation which is placed upon the custodian's release of the records after the custodian makes all required attempts at notice is the limitation which goes into effect if a request is made for an Attorney General's opinion. . . . [I]f such a request is made, the custodian must wait until the Attorney General has rendered the opinion, i.e., three working days, before releasing the records.[3]
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/EAW:cyh
[1] This also assumes that the particular records were created as part of the inquiry into or investigation of the employee's performance with regard to a specific incident or incidents. See, e.g., Op. Att'y Gen. Nos. 2002-326 (and opinions cited therein). Because you have asked your questions generally, without reference to particular records, my responses are necessarily couched in general terms as well, in recognition of the fact that the answers may vary depending upon the specific facts and circumstances.
[2] Section 25-19-105 (b) (12), pertaining to "personnel records," creates an exemption for such records "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy[.]"
[3] In accordance with A.C.A. § 25-19-105 (c) (3) (B) (i), "either the custodian, requester, or the subject of the records may immediately seek an opinion from the Attorney General, who, within three (3) working days of receipt of the request, shall issue an opinion stating whether the decision is consistent with this chapter." Subsection (c) (3) (B) (ii) states that "[i]n the event of a review by the Attorney General, the custodian shall not disclose the records until the Attorney General has issued his or her opinion."